UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA

CASE NO. 10-22011-CIV-HUCK/O'SULLIVAN

ALI CASTRO, an individual, and
EDITH BIGOTT DE CASTRO an individual,

    Plaintiffs,

v.

MANSIANA OCEAN RESIDENCES, LLC
a Florida limited liability company,

    Defendant.
_____/

## **REPORT AND RECOMMENDATION**

THIS MATTER is before the Court on the Plaintiffs' Verified Motion for Attorney's Fees and Costs (DE # 18, 2/1/11). This motion was referred to the undersigned by the Honorable Paul C. Huck. Having carefully considered the motion together with the fact that the defendant does not oppose the relief sought in the motion, the undersigned recommends that the Plaintiffs' Verified Motion for Attorney's Fees and Costs (DE # 18, 2/1/11) be GRANTED in part and DENIED in part as more fully described below.

## **BACKGROUND**

On December 17, 2010, the Court entered Final Judgment in this matter (DE # 17, 12/17/10). The Final Judgment allowed for the recovery, by the plaintiffs from the defendant, reasonable attorney's fees and costs. The plaintiffs filed the Plaintiffs' Verified Motion for Attorney's Fees and Costs (DE # 18, 2/1/11) on February 1, 2011, requesting $14,045.00 in fees and $763.89 in costs. The plaintiffs indicate in the motion that "[o]pposing counsel does not oppose the relief sought by this Motion."

Verified Motion for Attorney's Fees at 3.  The defendant did not file a response.

**ANALYSIS**

**I. ATTORNEY'S FEES**

The Court already determined that the plaintiffs are entitled to recover attorneys fees in this matter. Accordingly, the undersigned need not address entitlement to fees in this Report and Recommendation.

In calculating a reasonable attorney's fee award, the court must consider the number of hours reasonably expended on this litigation, together with the customary fee charged in this community for similar legal services.  See Hensley v. Eckerhart, 461 U.S. 424, 433, 103 S. Ct. 1933, 1939 (1983); Loranger v. Stierheim, 10 F.3d 776, 781 (11th Cir. 1994); Norman v. Housing Auth. of the City of Montgomery, 836 F.2d 1292, 1299 (11th Cir. 1988).

The defendant does not object to the relief sought in the instant motion.  The amount of fees appears to be reasonable.  Accordingly, the undersigned finds that the plaintiffs are entitled to recover the entire amount of fees requested in the motion in the amount of $14,045.00.

**II. COSTS**

Pursuant to Rule 54(d)(1) of the Federal Rules of Civil Procedure, "costs other than attorneys' fees shall be allowed as of course to the prevailing party unless the court otherwise directs."  "A 'prevailing party' for purposes of Rule 54(d), is a party in whose favor judgment is rendered . . . this means the party who won at trial level, whether or not that party prevailed on all issues, and regardless of the amount of

damages awarded." See All West Supply Co. v. Hill's Pet Prods. Div., Colgate-Palmolive Co., 153 F.R.D. 667, 668-69 (D. Kan. 1994). The plaintiffs prevailed in the case at bar and, therefore, are entitled to receive costs that are recoverable under 28 U.S.C. § 1920.

In the exercise of sound discretion, the Court has great latitude to ascertain which costs are taxable. See EEOC v. W&O, Inc., 213 F.3d 600, 619-20 (11th Cir. 2000). The Court is "bound by the limitations set out in 28 U.S.C. §§ 1821 and 1920." Crawford Fitting Co. v. J.T. Gibbons, Inc., 482 U.S. 437, 445, 107 S. Ct. 2494, 2499 (1987); see also W&O, Inc., 213 F.3d at 620.

A judge or clerk of any of the United States may tax as costs the following:

> (1) Fees of the clerk and marshal;
>
> (2) Fees for printed or electronically recorded transcripts necessarily obtained for use in the case;
>
> (3) Fees and disbursements for printing and witnesses;
>
> (4) Fees for exemplification and the costs of making copies of any materials where the copies are necessarily obtained for use in the case;
>
> (5) Docket fees under § 1923 of this title;
>
> (6) Compensation of court appointed experts, compensation of interpreters, and salaries, fees, expenses, and costs of special interpretation services under § 1828 of this title

28 U.S.C. § 1920. In the Motion, the plaintiffs indicate that "[o]pposing counsel does

3

not oppose the relief sought by this Motion." <u>Verified Motion for Attorney's Fees</u> at 3.

The plaintiffs request costs in the amount of $763.89 in the Motion. The undersigned recommends an award of costs as outlined below.

**1.   Fees of the Clerk**

The plaintiffs seek reimbursement in the amount of $350.00 for fees of the Clerk. "Fees of the clerk and marshal" are recoverable under 28 U.S.C. § 1920(1). The defendant does not object to this cost request. The undersigned recommends an award to the plaintiffs of ***$350.00*** for expenses associated with fees of the clerk.

**2.   Fees for Service of Subpoenas**

The plaintiffs further request fees for the service of subpoenas in the amount of $45.00. "Private process server fees may be taxed."[1] <u>W&O</u>, 213 F. 3d at 623. These costs are recoverable under 28 U.S.C. § 1920. The defendant does not object to the request for these costs. The plaintiffs are entitled to recover the costs associated with the service of subpoenas. The undersigned recommends an award to the plaintiffs of ***$45.00*** for expenses associated with the service of summons and subpoenas.

**3.   Fees for Photocopies**

The plaintiffs request reimbursement in the amount of $184.50 for costs associated with photocopies. The defendant does not object to these costs. These costs are permitted under the statute and are reasonable. The undersigned finds that the plaintiffs are entitled to recover the costs associated with photocopies. The undersigned recommends an award to the plaintiffs of ***$184.50*** for expenses associated

---

[1] The United States Marshals Service no longer serves subpoenas for private litigants in civil suits in the Southern District of Florida.

with fees for photocopies.

**4.     Other Costs**

The plaintiffs request $128.63 in other costs related to computerized research, $45.50 in other costs related to courier fees, $8.50 in other costs related to facsimiles, and $1.76 in other costs related in postage.  This Court has held that the a party may not recover costs for express mail, facsimile transmissions, travel expenses and expert witness fees.  See Tang How v. Edward J. Gerrits, Inc., 756 F.Supp. 1540, 1545-46 (S.D. Fla. 1991). The Eleventh Circuit has held that "general copying, computerized legal research, postage (and) courthouse parking fees . . . are clearly not recoverable." Duckworth v. Whisenant, 97 F.3d 1393, 1399 (11th Cir. 1996).  Moreover, reimbursement for costs associated with postage, computerized research, courier fees, and facsimiles, are not expressly permitted under 28 U.S.C. § 1920, and should not be awarded.  The undersigned recommends that the plaintiffs not recover costs associated with postage, computerized research, courier fees, and facsimiles.

## RECOMMENDATION

In accordance with the foregoing Report and Recommendation, the undersigned respectfully recommends  the Plaintiffs' Verified Motion for Attorney's Fees and Costs (DE # 18, 2/1/11) be GRANTED in part and DENIED in part in accordance with the foregoing Report and Recommendation and that the plaintiffs be awarded fees in the amount of $14,045.00 and costs in the amount $579.50.

The parties have 14 days from the date of receipt of this Report and Recommendation within which to serve and file written objections, if any, with the

Honorable Paul C. Huck, United States District Court Judge.  Failure to file objections timely shall bar the parties from attacking on appeal the factual findings contained herein.  <u>LoConte v. Dugger</u>, 847 F. 2d 745 (11th Cir. 1988), <u>cert</u>. <u>denied</u>, 488 U.S. 958, 109 S.Ct. 397 (1988); <u>RTC v. Hallmark Builders, Inc.</u>, 996 F. 2d 1144, 1149 (11th Cir. 1993).

RESPECTFULLY SUBMITTED at the United States Courthouse, Miami, Florida this 11th day of March, 2011.

_____
JOHN J. O'SULLIVAN
UNITED STATES MAGISTRATE JUDGE

Copies furnished to:

Honorable Paul C. Huck

All counsel of record